<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
RASHEEM WOODS,                      :
                                    :   Civil Action No.
             Plaintiff,             :   12-0705 (AET)
                                    :
       v.                           :
                                    :
SGT. ANTHONY DAVIA et al.,          :
                                    :   **<u>MEMORANDUM OPINION AND ORDER</u>**
             Defendants.            :
_____:


IT APPEARING THAT:

1.    Initially, Plaintiff[1] submitted for filing a civil complaint
      ("Complaint") unaccompanied by his filing fee or his
      complete <u>in forma pauperis</u> application.[2]  <u>See</u> Docket Entry
      No. 1.

2.    The Court denied Plaintiff <u>in forma pauperis</u> status without
      prejudice.  <u>See</u> Docket Entry No. 4.

3.    In response, Plaintiff submitted his duly executed <u>in forma</u>

---

      [1] Plaintiff is being held at the Somerset County Jail.  <u>See</u>
<u>generally</u>, Docket.  From the face of Plaintiff's submissions, the
Court cannot determine, with a sufficient degree of certainty,
whether Plaintiff is a convicted prisoner or a pre-trial
detainee.  Out of abundance of caution, the Court will presume,
without making a factual finding to that effect, that Plaintiff
either is a pre-trial detainee or at least was a pre-trial
detainee at the time when the events complained about took place.

      [2] Plaintiff followed the same with an application for
appointment of <u>pro bono</u> counsel.  <u>See</u> Docket Entry No. 2.

pauperis application.  See Docket Entry No. 5.

4.   The Court, therefore, will grant Plaintiff in forma pauperis
     status and will direct the Clerk to file the Complaint.
     This Court, however, is obligated under § 1915(e)(2) to
     dismiss, at the earliest practicable time, in forma pauperis
     actions that are frivolous, malicious, fail to state a
     claim, or seek monetary relief from a defendant who is
     immune from such relief.  In determining the sufficiency of
     a pro se complaint, the Court must be mindful to construe it
     liberally in favor of Plaintiff.  See Haines v. Kerner, 404
     U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39,
     42 (3d Cir. 1992).

5.   The legal standard for dismissing a complaint for failure to
     state a claim pursuant to § 1915(e)(2)(B) is identical to
     the legal standard used when ruling on Fed. R. Civ. P.
     12(b)(6) motions.  See Courteau v. United States, 287 F.
     App'x 159, 162 (3d Cir. 2008)); Allah v. Seiverling, 229
     F.3d 220, 223 (3d Cir. 2000); Tourscher v. McCullough, 184
     F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P.
     12(b)(6) standard to dismissal for failure to state a claim
     under § 1915(e)(2)(B)).  The Court, thus, must accept all
     factual allegations in a complaint as true and take them in
     the light most favorable to a pro se plaintiff.  See
     Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d

Cir.2008); accord Erickson v. Pardus, 551 U.S. 89, 93 (2007).  However, to survive dismissal, Plaintiff's Complaint must contain sufficient factual matter, accepted as true, to plausibly allege all required elements of a cause of action.  See Ashcroft v. Iqbal, 556 U.S. 662 (2009) (relying on Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

6. Here, Plaintiff asserts that, as a result of an administrative hearing based on a prison officer's report implicating Plaintiff in certain prison infractions, Plaintiff was placed in solitary confinement for the period of thirty days.  See Docket Entry No. 1, at 5.  Maintaining that his 30-day solitary confinement violated his due process and Eighth Amendment rights, Plaintiff now seeks monetary damages in the amount of $50,000.  See id. at 6.

7. A plaintiff, to recover under 42 U.S.C. § 1983, must show (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

8. The Due Process Clause of the Fourteenth Amendment of the Constitution of the United States provides: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV.  To

analyze a procedural due process claim, the first step is to
decide whether the person was deprived of a liberty or
property interest protected by due process.  See <u>Wilkinson</u>
<u>v. Austin</u>, 545 U.S. 209, 221 (2005).  Only if the answer is
yes, must a court determine what process is due.  <u>See</u>
<u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972).

9.   "A liberty interest may arise from the Constitution itself,
by reason of guarantees implicit in the word 'liberty' . . .
, or it may arise from an expectation or interest created by
state laws or policies."  <u>Wilkinson</u>, 545 U.S. at 221
(citations omitted); <u>see</u> <u>Sandin v. Conner</u>, 515 U.S. 472,
483-484 (1995).  But "the Due Process Clause does not
protect every change in the conditions of confinement having
a substantial adverse impact on the prisoner."  <u>Sandin</u>, 515
U.S. at 478.  "As long as the conditions or degree of
confinement to which the prisoner is subjected is within the
sentence imposed upon him and is not otherwise violative of
the Constitution, the Due Process Clause does not in itself
subject an inmate's treatment by prison authorities to
judicial oversight."  <u>Montanye v. Haymes</u>, 427 U.S. 236, 242
(1976); <u>see</u> <u>Vitek v. Jones</u>, 445 U.S. 480, 493 (1980).  Yet,
as noted <u>supra</u>, "a liberty interest in avoiding particular
conditions of confinement may arise from state policies or
regulations," <u>Wilkinson</u>, 545 U.S. at 222, which impose

"atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Sandin</u>, 515 U.S. at 484.  As the <u>Sandin</u> Court explained,

> [The plaintiff's] discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.  The record shows that, at the time of [the plaintiff's] punishment, disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody . . . .  Thus, [the plaintiff's] confinement did not exceed similar, but totally discretionary confinement in either duration or degree of restriction.

<u>Sandin</u>, 515 U.S. at 486 (footnote omitted).

10.  "[T]he baseline for determining what is 'atypical and significant' – the 'ordinary incidents of prison life' is ascertained by what a sentenced inmate may reasonably expect to encounter as a result of his or her conviction in accordance with due process of law." <u>Griffin v. Vaughn</u>, 112 F.3d 703, 706 (3d Cir. 1997).  "In deciding whether a protected liberty interest exists under <u>Sandin</u>, [a court] consider[s] the duration of the . . . confinement and the conditions of that confinement in relation to other prison conditions." <u>Mitchell v. Horn</u>, 318 F.3d 523, 532 (3d Cir. 2003).  For instance, it was held that even 15 months in administrative segregation did not impose an atypical and

significant hardship on one inmate.[3]  See Griffin, 112 F. 3d
at 706.  Moreover, for the purposes of the Sandin analysis,
there is no distinction between segregated and solitary
confinements.  See Perry v. Lackawanna County Children &
Youth Servs., 345 F. App'x 723, 726 (3d Cir. 2009) (citing
Sandin, 515 U.S. at 486, and expressly holding that
"[t]hirty days of solitary confinement is not atypical").
Applying Sandin, Wilkinson and Perry, this Court holds that
Plaintiff's disciplinary sanctions, manifested in solitary
confinement of thirty days, did not violated the safeguards

---

[3] In contrast, the Supreme Court, in Wilkinson v. Austin,
545 U.S. 209 (2005), held that confinement in Ohio's super-
maximum-security prison imposes an atypical and significant
hardship on inmates.  The Wilkinson Court based its holding on
the following facts in the record regarding the conditions of
confinement:

> For an inmate placed in [supermax], almost all human
> contact is prohibited, even to the point that
> conversation is not permitted from cell to cell; the
> light, though it may be dimmed, is on for 24 hours;
> exercise is for 1 hour per day, but only in a small
> indoor room.  Save perhaps for the especially severe
> limitations on all human contact, these conditions
> likely would apply to most solitary confinement
> facilities, but here there are two added components.
> First is the duration.  Unlike the 30-day placement in
> Sandin, placement [in supermax] is indefinite and,
> after an initial 30-day review, is reviewed just
> annually.  Second is that placement disqualifies an
> otherwise eligible inmate for parole consideration.
> While any of these conditions standing alone might not
> be sufficient to create a liberty interest, taken
> together they impose an atypical and significant
> hardship within the correctional context.

Id. at 223-24 (citations omitted).

of the Due Process Clause.  Correspondingly, these claims are subject to dismissal and, since the factual deficiency of these claims cannot be cured by repleading, leave to amend Plaintiff's claims will not be issued, as facially futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962).

11. Two additional aspects warrant a brief mentioning.

    a.   Plaintiff's Complaint alleged violations of both his due process and his Eighth Amendment rights.  In the event Plaintiff was a pre-trial detainee at the time when the events complained about took place, protections ensuing from the Eighth Amendment are wholly inapplicable to Plaintiff's challenges.  See Hubbard v. Taylor, 399 F.3d 150, 166-67 & n. 23 (3d Cir. 2005); King v. Cnty. of Gloucester, 302 F. App'x 92, 96 (3d Cir. 2008) (citing, inter alia, City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)).  However, even if this Court were to hypothesize that Plaintiff was a convicted individual at the time when the events complained about took place (and, thus, his condition-of-confinement claims could be analyzed under the Eighth Amendment), Plaintiff's challenges still warrant dismissal for the reasons detailed supra.  See Johnson v. Wenerowicz, 440 F. App'x 60, 63 (3d Cir. 2011) (applying Sandin to both due process and Eighth

Amendment conditions-of-confinement claims);

Burkholder v. Newton, 116 F. App'x 358, 363 (3d Cir. 2004) (applying Sandin to Eighth Amendment conditions-of-confinement claims).

b.    It also appears that Plaintiff complains about the process of his disciplinary hearing.  However, the sole relief available with regard to such a claim is injunctive relief in the form of a curative disciplinary hearing, not monetary damages (which is the sole remedy Plaintiff is seeking in the case at bar).

> [E]ven if a federal court determines that an inmate's due process rights were violated during an administrative hearing, . . . the proper remedy is a curative administrative hearing conducted in accordance with due process requirements (only if the administrative body expressly fails to comply with a judicial order directing new and procedurally correct hearing, such failure gives basis to the court's further intervention, e.g., by means of holding an in-court hearing or directing the administrative body to correct the prison term of the affected inmate).  See, e.g., Mickens-Thomas v. Vaughn, 355 F.3d 294 (3d Cir. 2004); Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 631 (D.N.J. 2008) ("The only remedy the court can give is to order the [administrative body] to correct the abuses or wrongful conduct within a fixed period of time") (quoting Billiterri v. United States Board of Parole, 541 F.2d 938, 943-44 (2d Cir. 1976), and citing Furnari v. United States Parole Comm'n, 531 F.3d 241 (3d Cir. 2008)); cf. Wilkinson v. Dotson, 544 U.S. 74 (2005) (pointing out that a procedurally

proper curative administrative proceeding might yield a substantive determination identical to that reached as a result of a procedurally defective administrative proceeding); <u>Howard v. United States Bureau of Prisons</u>, 487 F.3d 808 (10th Cir. 2007) (remanding the case for further proceedings envisioning, inter alia, a curative administrative hearing).

<u>Mitts v. Zickefoose</u>, 2011 U.S. Dist. LEXIS 141588, at *10-11 (D.N.J. Dec. 5, 2011) (quoting a passage from <u>Cannon v. Schultz</u>, 2010 U.S. Dist. LEXIS 59468, at *16-17 (D.N.J. June 16, 2010).  Thus, the Court need not reach the substantive validity of Plaintiff's claims barred by his choice of remedies.[4]

---

[4] Constitutional safeguards applicable to disciplinary hearings are limited.  The Due Process Clause of the Fourteenth Amendment provides that liberty interests of a constitutional dimension may not be rescinded without "certain" procedural protections.  <u>See</u> U.S. Const. amend. XIV.  In <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974), the Supreme Court set forth the requirements of due process in prison disciplinary hearings. Under Wolff, an inmate is entitled to: (i) written notice of the charges and no less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (ii) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (iii) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals."  <u>Wolff</u>, 418 U.S. at 563-71. Finally, due process requires that findings of a prison disciplinary official be supported by "some evidence" in the record.  <u>See</u> <u>Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill</u>, 472 U.S. 445, 454-56 (1985); <u>Young v. Kann</u>, 926 F.2d 1396, 1402-03 (3d Cir. 1991).  The determinations rendered in a disciplinary hearing are not without "some evidence" and, thus, is not arbitrary or capricious if there exists a basis in fact to support a disciplinary hearing officer's findings.  <u>See</u> <u>Edwards v. White</u>, 501 F. Supp. 8 (M.D. Pa. 1979).  Here, Plaintiff's Complaint is silent as to lack of

IT IS, therefore, on this 26th day of October, 2012,

ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading "CIVIL CASE REOPENED"; and it is further

ORDERED that Plaintiff's application to proceed in forma pauperis, Docket Entry No. 4, is granted, and the Clerk shall file the Complaint, Docket Entry No. 1, without prepayment of the filing fee; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve this Memorandum Opinion and Order upon the United States Attorney for the District of New Jersey and upon the Warden of Plaintiff's current place of confinement; and it is further

―――――――――――――

written notice or lack of fact-finding statement, or lack of opportunity to call witnesses.  Moreover, the Complaint concedes that the disciplinary sanctions were entered on the basis of an actual infraction report; the only claim articulated by Plaintiff is his disagreement with the prison officer's conclusions underlying that report.  Therefore, it appears that Plaintiff's challenges to his disciplinary hearing would be subject to dismissal even had he sought injunctive relief.  (The Court notes, in passing, its uncertainty as to the viability of such injunctive remedy, since Plaintiff's by-now-long-concluded solitary confinement cannot be undone by a disciplinary rehearing, and no statement in the Complaint indicated that Plaintiff suffered any negative consequence other than said confinement, e.g., at no point Plaintiff indicated that the alleged infraction affected his prison file, or that he desired expungement of his prison records.  Compare Williams v. Federal Bureau of Prisons, 85 F. App'x 299, 303 (3d Cir. 2004); Paine v. Baker, 595 F.2d 197, 201 (4th Cir.1979)).  However, as noted supra, the Court need not reach this issue since Plaintiff expressly stated his interest in monetary damages only.

ORDERED that Plaintiff is assessed a filing fee of $350.00 which shall be deducted from his prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(1)(A), Plaintiff is assessed an initial partial filing fee equal to 20% of the average monthly deposits to the Plaintiff's prison account for the six month period immediately preceding the filing of the Complaint; when funds exist, the New Jersey Department of Corrections shall deduct said initial fee from Plaintiff's prison account and forward it to the Clerk; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 filing fee is paid, each subsequent month that the amount in Plaintiff's prison account exceeds $10.00, the Bureau of Prisons shall assess, deduct from the Plaintiff's account, and forward to the Clerk payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the docket number of this action; and it is further

ORDERED that the Complaint is dismissed with prejudice; and it is further

ORDERED that Plaintiff's application for appointment of <u>pro bono</u> counsel, Docket Entry No. 2, is dismissed as moot; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff by regular U.S. mail and close the file on this matter by making a new and separate entry on the docket reading "CIVIL CASE CLOSED."

/s/ Anne E. Thompson
**ANNE E. THOMPSON,**
**United States District Judge**